**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DANIEL M. S.,[1]

                               Plaintiff,                  5:24-cv-379 (BKS/TWD)

v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

**Appearances:**

*For Plaintiff:*
Howard D. Olinksy
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
John A. Sarcone, III
United States Attorney
Geoffrey M. Peters
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Daniel M. S. filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking

review of a decision by the Commissioner of Social Security denying Plaintiff's applications for

Disability Insurance Benefits and Supplemental Security Income. (Dkt. No. 1). This matter was

---

[1] In accordance with the local practice of this Court, Plaintiff's name has been abbreviated to protect his privacy.

referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation. *See* N.D.N.Y. L.R. 72.3(e). On March 3, 2025, after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 6, 7, 10, 12), Magistrate Judge Dancks issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the ALJ's decision denying Plaintiff disability benefits be affirmed, (Dkt. No. 13). Plaintiff timely filed objections to the Report-Recommendation and the Commissioner responded. (Dkt. Nos. 14, 15). For the following reasons, the Court adopts the Report-Recommendation as modified and upholds the decision of the Commissioner.

## II.    STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Kruger*, 976 F. Supp. 2d at 296. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 6), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

the same arguments set forth in the original" submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.    DISCUSSION

### A.    Report-Recommendation

Plaintiff has not raised any objections to the background and legal standards as set forth in the Report-Recommendation. (*See* Dkt. No. 13, at 2–5). The Court therefore adopts Magistrate Judge Dancks' summary of the relevant background and applicable law and presumes familiarity with those matters for the purposes of this decision.

In the Report-Recommendation, Magistrate Judge Dancks concluded both that "substantial evidence supports the ALJ's evaluation of Dr. Lentz's medical opinion" and that "substantial evidence supports the ALJ's residual functional capacity determination." (Dkt. No. 13, at 5). After summarizing Dr. Lentz's opinion and the ALJ's evaluation of it, Magistrate Judge Dancks explained that "[f]or DIB and SSI claims filed on or after March 27, 2017, an ALJ's review of medical opinion evidence and prior administrative medical findings is governed by 20 C.F.R. §§ 404.1520c(c) and 416.920c(c)," according to which "the ALJ must use five factors to determine the persuasiveness of the medical opinion evidence and prior administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and other factors, such as 'a medical source's familiarity with the other evidence in a claim.'" (*Id.* at 7 (quoting 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c))). Magistrate Judge Dancks further explained that "[t]he two most important factors in this analysis are supportability and consistency," and that "[t]he ALJ is specifically required to 'explain how [h]e considered the supportability and consistency factors' when determining the persuasiveness of 'a medical source's medical opinions or prior administrative findings.'" (*Id.* (quoting 20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2))). As the Report-Recommendation stated, "[u]nder the supportability factor, the more a medical opinion or prior administrative medical finding is reinforced by 'relevant . . . objective medical evidence and supporting explanations,' the 'more persuasive' it will be," (*id.* at 8 (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)), and "[u]nder the consistency factor, a medical opinion or prior administrative medical finding is 'more persuasive' if it is consistent 'with the evidence from other medical sources and nonmedical sources in the claim,'" (*id.* (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

Magistrate Judge Dancks then assessed the ALJ's evaluation of Dr. Lentz's opinion, stating that "[a]lthough the Commissioner acknowledges the ALJ gave an 'admittedly brief analysis of Dr. Lentz's opinion,' the Court agrees substantial evidence supports the ALJ's conclusion that Dr. Lentz's opinion was entitled to less than persuasive value." (*Id.* at 9 (citations omitted)). In support of this statement, Magistrate Judge Dancks cited *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (2d Cir. June 17, 2022), for the proposition that "[d]espite the ALJ's procedural error, we could affirm if a searching review of the record assures us that the substance of the regulation was not traversed." (*Id.* at 9–10).

With respect to the supportability factor, Magistrate Judge Dancks explained that "the ALJ observed that Dr. Lentz's overly restrictive and conclusory opinion 'was not consistent with his own treating records and . . . not supported with ties to clinical findings,'" and that "[a]lthough the supportability factor is concerned with 'objective medical evidence . . . presented by [the] medical source,' not the entire record, Dr. Lentz failed to present *any* objective medical evidence in support of his medical opinion." (*Id.* at 10 (citations omitted)). As the Report-Recommendation detailed, "Dr. Lentz failed to offer any explanations or objective medical

evidence in support of his highly restrictive opinions about Plaintiff's functional limitations," (*id.* (citing R. 611–15)), that "a review of the records from Crouse Medical Practice, Dr. Lentz's practice group, shows that Dr. Lentz's opinion is unsupported by his own treatment notes, and the notes of other providers in his practice," (*id.* (citing R. 434–69, 495–534)), and that "substantial evidence accordingly supports the ALJ's conclusion that Dr. Lentz's opinion lacked supportability," (*id.* at 11 (citations omitted)).

With respect to the consistency factor, Magistrate Judge Dancks stated that "the ALJ concluded [Dr. Lentz's medical opinion] was inconsistent with Dr. Lentz's own treatment records," (*id.* at 12 (citing R. 23)), and that "[t]hese inconsistencies are illustrated by the review of the treatment records from Dr. Lentz and other providers in his group outlined [previously] regarding Plaintiff's musculoskeletal exams and ambulatory abilities and his normal respiratory findings," (*id.*). Magistrate Judge Dancks then explained that "[a] medical opinion's internal inconsistencies, however, does not drive the assessment of the consistency factor," (*id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2))), "[r]ather, '[c]onsistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record,'" (*id.* (quoting *White v. Comm'r of Soc. Sec.*, No. 20-cv-6222, 2022 WL 951049, at *5, 2022 U.S. Dist. LEXIS 59095, at *14 (S.D.N.Y. Mar. 30, 2022) (Cave, M.J.))). However, relying on *Loucks*, Magistrate Judge Dancks determined that "the substance of 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) has not been traversed" and that "substantial evidence supports the ALJ's conclusion that the consistency factor weighs against these limitations." (*Id.* at 13 (citations omitted)). Among the reasons for this determination were: that "Dr. Lentz's highly restrictive limitations are inconsistent with the other medical opinions in this case," including those of Dr. Sharif-Najafi, Dr. Seok, and Dr. Elke Lorensen, (*id.* (citation omitted)), which the

ALJ found "generally persuasive," (*id.* at 13–14 (citing R. 22–23)); that "Dr. Lentz's proposed limitations are inconsistent with Plaintiff's treatment records overall," (*id.* at 15 (comparing R. 611–14 (Dr. Lentz's opinion) with R. 470–75, 482–94, 535–610 (other providers' treatment records))), and that these records contain "no indication . . . that a healthcare professional diagnosed him with any condition that would necessitate the highly restrictive functional limitations opined by Dr. Lentz," (*id.* (citation omitted)); and that "Dr. Lentz's proposed limitations are inconsistent with the non-medical evidence in this case, including Plaintiff's testimony," (*id.* at 17 (comparing R. 611–14 (Dr. Lentz's opinion) with R. 144–56 (Plaintiff's testimony))).

Additionally, Magistrate Judge Dancks considered Plaintiff's challenge to the ALJ's residual functional capacity determination on the basis that "the ALJ wrongfully discredited all of the other [medical] opinions," finding the argument to be without merit. (*Id.* at 19–20). Magistrate Judge Dancks thus "recommend[ed] that the Court reject Plaintiff's challenge to the ALJ's evaluation of the medial opinions and the residual functional capacity determination." (*Id.* at 20).

### B.    Plaintiff's Objections

Plaintiff raises three objections to the Report-Recommendation. (*See* Dkt. No. 14, at 1–5). First, Plaintiff "asserts that the Report and Recommendation improperly characterizes the ALJ's conclusory statements as sufficient to satisfy the articulation regulations set forth in 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)." (*Id.* at 2). Second, "Plaintiff objects to the manner in which the Report and Recommendation submitted by U.S. Magistrate Judge Dancks interprets the Second Circuit's opinion in *Loucks*." (*Id.* at 3). Plaintiff argues "that the U.S. Magistrate Judge appears to misread the intent of the Court of Appeals as authorizing post-hoc arguments, in a manner that the Second Circuit did not intend. (*Id.* (citing Dkt. No. 13, at 9–10, 12)).

Plaintiff's third objection is along the same lines, arguing that the Report-Recommendation analysis would allow the "exception recognized in *Loucks*" to be "further extend[ed] . . . to the point of swallowing up the rule and ultimately leaving no scenario which would demonstrate that an ALJ has failed to comply with the articulation requirements of 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)." (*Id.* at 4–5 (citing Dkt. No. 13, at 7–8, 10, 13, 18)).

Because all three objections essentially argue the same point, *i.e.* that Magistrate Judge Dancks incorrectly found that the ALJ's articulation of the consistency and supportability factors was sufficient, the Court addresses them together. Additionally, because the Plaintiff could not have previously raised the issue of whether Magistrate Judge Dancks properly evaluated the ALJ's persuasiveness analysis pursuant to the *Loucks* exception prior to the issuance of the Report-Recommendation, the Court evaluates this analysis *de novo*. *See Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) (citation omitted).

In evaluating the medical opinion of Dr. Lentz, the ALJ found his opinion to be "less persuasive" as it was "not consistent with his own treating records and are [sic] not supported with ties to clinical findings." (R. 23).

As Magistrate Judge Dancks correctly explained, (Dkt. No. 13, at 7), "[t]he factors of supportability . . . and consistency . . . are the most important factors" in evaluating the persuasiveness of a medical opinion and an ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability refers to the relevance of 'the objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s).'" *Villier on behalf of N.D.D.R. v. Comm'r Soc. Sec.*, No. 23-893, 2024 WL 2174236, at *2, 2024 U.S. App. LEXIS 11737, at *3 (2d Cir. May 15, 2024) (quoting 20 C.F.R. § 404.1520c(c)(1)); 20 C.F.R. § 416.920c(c)(1)). "[C]onsistency refers to

how 'consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other . . . sources.'" *Villier on behalf of N.D.D.R.*, 2024 WL 2174236, at *2, 2024 U.S. App. LEXIS 11737, at *4 (quoting 20 C.F.R. § 404.1520c(c)(2)); 20 C.F.R. § 416.920c(c)(2).

The Court finds that the ALJ appropriately evaluated the supportability factor. As indicated by the ALJ's explanation that Dr. Lentz's medical opinion was "not supported with ties to clinical findings," (R. 23), the opinion contained no explanation of the clinical findings that supported it, (*see* R. 611–14 (stating in response to question on the provider's clinical findings, that "[t]his is vague, ask better questions")). Additionally, the ALJ referenced the inconsistencies between the opinion and Dr. Lentz's own treatment notes. (R. 23). For example, Dr. Lentz's May 2021 treatment notes, which the ALJ characterized in his recitation of the medical evidence as "fail[ing] to substantiate the level of impairment alleged," (R. 21), indicate that Plaintiff was "doing much better," "appear[ed] healthy and well developed" and "walk[ed] with a normal gait," (R. 441–42)).

However, the Court finds that the ALJ committed procedural error in discussing the consistency factor. The ALJ did not explain how consistent Dr. Lentz's opinion was "with the evidence from other medical sources and nonmedical sources in the claim," 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2), rather, as discussed above, he only explained how consistent Dr. Lentz's opinion was "with *his own* treating records," (R. 23 (emphasis added)).

### 1. *Loucks* Exception

Although the Court finds the ALJ committed procedural error, this is not the end of the analysis. In *Loucks*, the Second Circuit found that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record." 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *3. The court then noted

that "[d]espite the ALJ's procedural error, we could affirm if a searching review of the record assures us that the substance of the [regulation] was not traversed." *Id.* 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (internal quotation marks omitted) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)).

As another court in this district has explained, "the court in *Loucks* did not overrule the ALJ's responsibility to consider the consistency and supportability factors in determining the persuasiveness of a medical opinion. However . . . the Second Circuit has left open the possibility that a technical error with respect to this assessment may be harmless." *Sabrina M. v. Comm'r of Soc. Sec.*, No. 22-cv-1117, 2023 WL 6057392, at *4 n.2, 2023 U.S. Dist. LEXIS 164914, at *14 n.2 (N.D.N.Y. Sept. 18, 2023) (citation omitted); *see also Jason A.L. v. Comm'r Soc. Sec.*, No. 21-cv-477, 2022 WL 4354363, at *3, 2022 U.S. Dist. LEXIS 169267, at *8 (N.D.N.Y. Sept. 20, 2022) ("[A]lthough remand may be appropriate in many circumstances when the ALJ commits a procedural error, procedural error alone does not require remand as a matter of law." (citation omitted)). "[W]hile a reviewing court may not affirm the Commissioner's decision based on an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole." *John L.M. v. Kijakazi*, No. 21-cv-368, 2022 WL 3500187, at *2, 2022 U.S. Dist. LEXIS 147761, at *6–7 (N.D.N.Y. Aug. 18, 2022) (citing *Ricky L. v. Comm'r Soc. Sec.*, No. 20-cv-7102, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151, at *11–12 (W.D.N.Y. June 27, 2022)).

The Court agrees with Magistrate Judge Dancks that, even if procedural error occurred regarding the consistency factor, "a searching review of the record assures us that the substance of the [regulation] was not traversed." 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829,

at *4. The ALJ found the opinions of Dr. Lorensen, Dr. Sharif-Najafi, and Dr. Seok, which reflect a lesser degree of limitation, and which the ALJ found to be "consistent" or "generally consistent" with the record as a whole, to be "generally persuasive." (R. 22–23). Read in this context, it "can be gleaned from the ALJ's decision as a whole," *see John L.M.*, 2022 WL 3500187, at *2, 2022 U.S. Dist. LEXIS 147761, at *6–7, that the ALJ viewed Dr. Lentz's opinion of more severe limitations to be inconsistent with not only his own treatment records but the opinions of other providers.

Having otherwise reviewed the parts of the Report-Recommendation to which no objections were filed for clear error and found none, the Court adopts the Report-Recommendation as modified.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 13), is **ADOPTED as modified**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (Dkt. No. 7), is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings, (Dkt. No. 10), is **GRANTED.**

**IT IS SO ORDERED.**

Dated:  March 31, 2025
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge